IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Alexis Rose Brown                         )
(f/k/a Daniel Lee Brown),                 )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )          1:25-cv-73 (LMB/WEF)
                                          )
Unknown,                                  )
                                          )
          Defendant.                      )

ORDER

Acting pro se, Chesapeake Jail detainee Alexis Rose Brown (f/k/a Daniel Lee Brown)

("plaintiff") submitted a letter to this Court that the Clerk docketed as a complaint under 42

U.S.C. § 1983. [Dkt. No. 1]. The Court has construed the letter liberally because plaintiff is

proceeding pro se. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, even

construed liberally, plaintiff's letter fails to state any claim upon which relief may be granted and

must be dismissed. See 28 U.S.C. § 1915A(b)(1).[1] Accordingly, it is hereby

---

[1] Plaintiff requests that this Court intervene in an ongoing state criminal proceeding relating to a failure to appear charge on the basis that "this D.A.'s Office needs to be investigated" and jail officials are refusing to permit plaintiff to sign the name "Alexis Rosa Brown" rather than "Daniel Lee Brown," despite "a name . . . change on 8-10-22." [Dkt. No. 1] at 1. Plaintiff states that "I can't get a bond hearing set up" and further complains that letters sent to Members of Congress have not resulted in relief. Id. at 2. Additional pages indicate that plaintiff intends to seek assistance from the Governor of Virginia, the "Feds," and the United States Circuit Court of Appeals for the Fourth Circuit in advance of a hearing scheduled in February 2025. Id. at 4-5. These allegations raise no colorable claim under § 1983.

In addition, plaintiff's letter was not accompanied by payment of the $405 fee to initiate a civil action or an application for permission to proceed in forma pauperis ("IFP") – a requirement that plaintiff is well-familiar with from prior proceedings under the name Daniel Lee Brown. See, e.g., Brown v. Amonette, No. 3:02-cv-745 (E.D. Va. 2002). Therefore, it further appears that plaintiff did not intend to initiate a civil action, but only to seek informal relief by letter.

ORDERED that this civil action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1).

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiff wants to appeal and stating that the appeal will be taken to the United States Court of Appeals for the Fourth Circuit. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely notice of appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to send a copy of this Order to plaintiff Alexis Rosa Brown, pro se, and close this civil action.

Entered this 21st day of January, 2025.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

_____

If plaintiff elects in the future to initiate a civil action, that may be done by (A) filing a more-carefully-drafted complaint on an appropriate form (typically available in the jail library or, alternatively, by written request to the Clerk of the Court) and (B) either (1) paying $405 or (2) submitting a complete IFP application form (also typically available in the jail library or, alternatively, by written request to the Clerk of the Court).

2